UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

Case No. 2:21-cr-227
JUDGE EDMUND A. SARGUS, JR.

v.

**YOUSIF AMIN MUBARAK,**

    **Defendant.**

## OPINION AND ORDER

This case is before the Court on Defendant's Motion to Dismiss the Indictment (ECF No. 23). Defendant argues that the time between his arrest and his indictment violates the Speedy Trial Act, 18 U.S.C. § 3161(b). The Government filed a response in opposition (ECF No. 28) and Defendant replied by filing a motion to dismiss the Government's response (ECF No. 35). For the following reasons, Defendant's motions are **DENIED**.

I.    BACKGROUND

Defendant Yousif Amin Mubarak was arrested on September 22, 2021, for transmission of a threat in interstate commerce in violation of 18 U.S.C. § 875(c). The alleged threats occurred on September 12–13, 2021, and an arrest warrant was issued on September 15, 2021.

Defendant had an initial appearance before Magistrate Judge Jolie A. Russo in the District of Oregon on September 22, 2022. The defendant executed a waiver of his preliminary and detention hearings in the District of Oregon and requested his hearings be held in the Southern District of Ohio. (Initial Appearance Transcript, ECF No. 37 at 5.) The Government made an oral motion for detention and Magistrate Judge ordered that the "defendant should be transported as

1

soon as reasonably possible" to the Southern District of Ohio. (*Id.* at 7–8.) His transfer was complete November 10, 2021.

Magistrate Judge Elizabeth Preston Deavers held a preliminary and detention hearing in the Southern District of Ohio on November 18, 2021. (ECF No. 15.) On the same day, a federal grand jury indicted Defendant on two counts of the transmission of a threat in interstate commerce, in violation of 18 U.S.C. § 875(c). (ECF Nos. 12, 13.)

## II. STANDARD

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The clock begins when individual is arrested and ends upon indictment.

When calculating the 30-day period, the court excludes certain "periods of delay," including any "delay resulting from any pretrial motion." § 3161(h)(1)(D); *see United States v. Brown*, 819 F.3d 800, 809 (6th Cir. 2016). If there is a pretrial motion, the clock pauses "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D).

If the Government fails to indict the defendant within the 30-day period under § 3161(b) with applicable extensions under § 3161(h), "such charge against that individual . . . shall be dismissed or otherwise dropped." § 3162(a)(1). The district court may dismiss the case with prejudice or without prejudice. *Id.* In so doing, the court shall consider: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

### III. ANALYSIS

A motion for detention is a "pretrial motion" that pauses the speedy trial clock from when the motion is made to "the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D); *see United States v. Millan-Coronel*, 2:17-mj-020, 2017 WL 5126151 (S.D. Ohio Oct. 17, 2017).

The Government contends that it made an oral motion for Defendant's detention at the initial appearance hearing on September 22, 2021. It argues that the motion for detention paused the speedy trial clock until the conclusion of the detention hearing in this district on November 18, 2021. Defendant disputes that the government moved for detention at the initial appearance. As Defendant points out, the Minutes of Proceedings docket entry does not indicate that there was a motion for detention and the Government did not file a written motion for detention. (*See* ECF No. 23-1.)

The record supports the Government's contention that it made a motion for detention at the initial appearance hearing. The hearing transcript states:

> COURT: Oh, good. And are you requesting detention, custody, and then transport to the Southern District of Ohio?
>
> MR. STRICKLAND [on behalf of the Government]: Yes, Your Honor, I'm requesting detention. I know Pretrial Services has also issued a memo requesting detention. The AUSA in the Southern District of Ohio is requesting detention in this matter. So I'd ask the Court to sign that order and allow the defendant to be transported and committed to that district for further proceedings.
> …
>
> COURT: Okay. Thank you. I will request that the defendant be transported as soon as reasonably possible to the Southern District of Ohio, and note for the record that the defendant did not have a detention hearing here in the District of Oregon and is so entitled to do so in the District of Ohio.

(ECF No. 37 at 7–8). Thus, Defendant's speedy trial clock was tolled from the initial appearance on September 22, 2021, when the motion for detention was made, to the detention hearing on

November 18, 2021, when the motion was resolved. *See United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (noting if motion requires a hearing, the entire time from the date of motion through the date of hearing is excluded). The clock was paused on the date of his arrest and initial appearance until the date of his detention hearing and indictment. There was no violation of the Speedy Trial Act.

Next, Defendant argues that even if the Government orally moved for detention the speedy trial clock did not pause at the initial appearance because he waived his preliminary and detention hearings and, therefore, there was no pending matter of his detention. (ECF No. 35 at 2.) This is also not supported by the record. The initial appearance transcript indicates that Defendant had a right to a detention hearing in either the Oregon District or the Southern District of Ohio and that he sought "to maintain his right to those hearings in the Southern District of Ohio." (ECF No. 37 at 5–6.)  Magistrate Judge Russo specifically stated, "the defendant did not have a detention hearing here in the District of Oregon and is so entitled to do so in the District of Ohio." (*Id.* at 8.) The Minute Entry indicates the same. (*See* ECF No. 23-1.) Therefore, the matter of Defendant's detention was pending from the initial appearance hearing on September 22, 2021 until his detention hearing in the Southern District of Ohio on November 18, 2021. The speedy trial clock was paused until this Court ruled on the motion at his detention hearing on November 18, 2021.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment (ECF No. 23) and motion to dismiss reply to Government's response (ECF No. 35) are **DENIED**.

**IT IS SO ORDERED.**

**1/3/2022**                                                          s/Edmund A. Sargus, Jr.
**DATE**                                                               EDMUND A. SARGUS, JR.
                                                                                    UNITED STATES DISTRICT JUDGE